UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE P.B., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROBLOX CORPORATION, et al., <br><br> Defendants. | Case No. 25-cv-10596-JST <br><br> **ORDER GRANTING MOTION TO PROCEED UNDER PSEUDONYM** <br><br> Re: ECF No. 3 |

Plaintiff moves to proceed under the pseudonym "Jane Doe C.B." and for their guardian to proceed under the pseudonym "John Doe P.B." ECF No. 3 at 1.

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a) (requiring that the title of every complaint include the names of all the parties). This presumption stems from "the public's common law right of access to judicial proceedings," *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000), and "the right of private individuals to confront their accusers." *Kamehameha Schools*, 596 F.3d at 1042. However, a party may "proceed anonymously when special circumstances justify secrecy." *Advanced Textile Corp.*, 214 F.3d at 1067. In determining whether a party may preserve his anonymity in judicial proceedings, the Ninth Circuit "balance[s] the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id.* at 1068.

Plaintiffs are bringing this action to hold Defendant Roblox and Snap, Inc. "accountable for recklessly and deceptively operating its business in a way that led to the sexual exploitation and repeated harassment of" Jane Doe C.B. ECF No. 1 at 4. Plaintiffs argue that they "have a

substantial privacy interest in guarding sensitive and highly personal information in this action—deeply personal details of the grooming, manipulation, sexual harassment, and sexual exploitation suffered by a minor child." ECF No. 3 at 2.

"The most compelling situations [in which plaintiffs may proceed anonymously] involve matters which are highly sensitive, such as social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity." *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981); *see also Eknes-Tucker v. Ivey*, No. 2:22-CV-0184-LCB-SRW, 2022 WL 19983530, at *1 (M.D. Ala. May 3, 2022) (granting anonymity where revealing plaintiff's identity would disclose intimate personal information); *Doe v. Univ. of Maryland Med. Sys. Corp.*, No. CV SAG-23-1572, 2023 WL 3949737, at *3 (D. Md. June 12, 2023) (finding that plaintiff alleged a substantial medical privacy interest that outweighed the public's interest in knowing her identity). While the Court recognizes the importance of public access to court proceedings and the identities of litigants, it also agrees with Plaintiffs that details of sexual exploitation of a child constitute a highly sensitive matter. ECF No. 3 at 3. Should Plaintiffs be forced to file under their real names, all of Jane Doe C.B.'s information would be "easily searchable" such that "anyone with internet access will have all the necessary information to quickly ascertain Plaintiffs' identity." ECF No. 3 at 2.

Briefly, it also bears mention that Defendant will not be prejudiced by Plaintiff's use of a pseudonym. *See Advanced Textile*, 214 F.3d at 1072 (finding that "at present defendants suffer no prejudice by not knowing the names of plaintiffs.").

For the foregoing reasons, Plaintiffs Jane Doe C.B. and John Doe P.B. may proceed under pseudonyms

**IT IS SO ORDERED.**

Dated: January 13, 2026

_____
JON S. TIGAR
United States District Judge